IN THE UNITED STATE DISTRICT COURT

STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DIANA TRUE,<br><br>Plaintiff,<br><br>vs.<br><br>DELTA AIR LINES, INC.<br><br>Defendant. | REPORT & RECOMMENDATION<br><br>Case No. 2:21-cv-00433<br><br>District Court Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

## BACKGROUND

The case is before the undersigned pursuant to a 28 U.S.C. § 636(b)(1)(B) referral from District Court Judge Dale A. Kimball. (ECF No. 29, Order of Reference; ECF No. 48, Order Re-Referencing Case.)

On February 24, 2023, this court entered an order permitting counsel for Plaintiff Diana True ("Ms. True" or "Plaintiff") to withdraw. (ECF No. 46, Order granting Motion to Withdraw.) As part of that Order, the court stayed the action for twenty-one (21) days, until March 17, 2023, and required that, by such date, Ms. True "must file a Notice of Pro Se Appearance or new counsel must file an appearance on her behalf." (Id.) The Order warned that if Ms. True or new counsel failed to do so, Plaintiff "may be subject to sanctions, including but not limited to dismissal or default judgment." (Id. at 2.)

On March 23, 2023, after the court's stay expired, Defendant Delta Air Line ("Delta" or "Defendant") moved to dismiss Plaintiff's case for failure to comply with the Court's Order

requiring Ms. True to appear or appoint counsel by March 17, 2023. (ECF No. 49, Defendant's Motion to Dismiss); *see* Fed. R. Civ. P. 41(b). In response, Plaintiff moved for an extension of time[1] to find an attorney who would take her case on a contingency basis. (ECF No. 51, April 7, 2023, email to Judge Kimball.) On May 1, 2023, the court received correspondence from Plaintiff indicating she was unable to find an attorney and would therefore proceed pro se. (ECF No. 55, May 1, 2023 email to Judge Kimball.) As a result, the court entered an order accepting Plaintiff's notice to appear pro se and requiring her to respond to Delta's pending motion for dismissal. (ECF No. 56, Ruling and Order; *see* ECF No. 59, Plaintiff's Opposition to Motion to Dismiss). On May 22, 2023, Plaintiff filed a second Notice of her Intent to Appear Pro Se. (ECF No. 58.)

## **ANALYSIS**

Pursuant to Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Further, Federal Rule of Civil Procedure 16 states that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a . . . pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Federal Rule 37 provides for sanctions including "dismissing the action or proceeding in whole or in part" or "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A).

---

[1] Because Plaintiff was acting without counsel, the court liberally construes Ms. True's email to Judge Kimball as a Motion for Extension of Time. (ECF No. 51.) *See Bramhall v. Cyprus Credit Union,* 2021 U.S. Dist. LEXIS 190180, at 10 (D. Utah Sept. 30, 2021) (internal quotation and citation omitted) (a pro se litigant's "filings are to be liberally construed").

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules. Such sanctions may include dismissing the party's case with prejudice." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002) (citation omitted). Dismissal, however, is considered a "severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002) (*quoting Hancock v City of Okla. City,* 857 F.2d 1394, 1396 (10th Cir. 1988)). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

Upon review, any relevant aggravating factors do not outweigh the presumption in favor of resolving Plaintiff's case on the merits. While Ms. True failed to file a timely notice of appearance, she advised the court of her attempts to obtain new counsel and requested an extension of time within which to do so. Further, although Plaintiff's delinquency caused delay and resulting prejudice to the Defendant, a more significant portion of the delay in this action is attributable to Plaintiff's prior counsel and counsel's inability to properly effect service on the individual defendants. (ECF No. 11, Plaintiff's Response to Order to Show Cause; ECF No. 16, Plaintiff's Response to Order to Show Cause; ECF No. 35, Plaintiff's Response to Order to Show Cause). Through her recent Notices Ms. True has established her intent to proceed pro se and prosecute this action, and the court does not find the prejudice to Defendant, stemming from the untimeliness of Plaintiff's Notices, to be undue. Moving forward, however, the court admonishes Plaintiff that additional delays related to her failure to timely comply with court orders, federal rules or the local rules of practice may result in the imposition of sanctions,

including but not limited to dismissal or default judgment. Fed. R. Civ. P. 16(f)(1)(C); Fed. R. Civ. P. 41(b).

## **RECOMMENDATION**

For the reasons set forth above, the undersigned RECOMMENDS that the District Court:

1. DENY Defendant's Motion to Dismiss (ECF No. 49); and

2. ORDER the parties to meet and confer and submit an amended, stipulated Scheduling Order.

The Clerk's Office is directed to send copies of this Report and Recommendation to all parties who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. Failure to object may constitution waiver of the objections upon subsequent review.

DATED this 12th day of June, 2023.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court